UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Pacific Lock Company,
a/k/a PacLock,

       Plaintiff,

CASE NO.:

v.

Proven Industries, Inc., and
Ronald Lee, II,

       Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(Injunctive Relief Sought)**

Plaintiff, Pacific Lock Company, a/k/a Paclock ("PacLock"), sues Defendants, Proven Industries, Inc. ("Proven") and Ronald Lee, II ("Mr. Lee") (collectively, "Defendants"), alleging the following:

**INTRODUCTION**

1. Proven, at the direction of its founder and sole owner, Mr. Lee, are intentionally and blatantly deceiving the purchasing public by prominently, but falsely, advertising that the locks sold by Proven are "Made in the USA!". They are not. Mr. Lee testified under oath as Proven's corporate representative that many of the locks sold by Proven are made in China and that the vast majority of the lock cores – the actual locking mechanisms used in the locks—are made in China and Finland.

2. This is an action against Proven and Mr. Lee by PacLock, one of Proven's competitors, seeking remedies for Proven's: (i) false and deceptive advertising

under the Lanham Act, 15 U.S.C. § 1125(a); and (ii) violation of The FloridaDeceptive and Unfair Trade Practices Act, ("FDUTPA"), Section 501.201 et seq., Florida Statutes.

## PARTIES

3. PACLOCK is a California corporation with its principal place of business at 25605 Hercules Street, Valencia, California 91355

4. Proven is a Florida corporation with its principal place of business at 2310 South Dock Street, Unit 111, Palmetto, Florida 34221.

5. Mr. Lee is an individual who resides in the State of Florida, Hillsborough County. Mr. Lee is Proven's founder, President, and one hundred percent (100%) owner and controls and directs Proven's actions described in this Complaint.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over PacLock's claim against Defendants for violation of the Lanham Trademark Act under 28 U.S.C. §1331. This Court has pendent jurisdiction over PacLock's claim for Defendants' violation of FDUTPA under 28 U.S.C. §1367.

7. This Court possesses personal jurisdiction over Proven and Mr. Lee because they each reside in Hillsborough County, Florida.

8. This Court is the proper venue for this action because the causes of action at issue arose in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

**Proven's False "Made in USA" Claims on Its Website**

9. Proven aggressively advertises and markets to the purchasing public that its locks are "MADE IN THE USA", "Our locks are made 100% in the USA!", and "Made 100% USA" and similar claims. For example, the "Our Story" page of its website (www.provenlocks.com) ("Proven's Website"), Proven prominently states:



We pride ourselves in manufacturing our products in America! By doing so, we are able to ensure more control over the development and delivery of our products to our consumers.

Many manufactured products from other countries are made there in order to make production as cheap as possible. In addition, products manufactured overseas often utilize the cheapest materials available.

Don't sell yourself short on purchasing a security product manufactured out of cheap materials to save a few bucks. We manufacture all of our products with the intention of keeping all of your expensive assets where you left them!

10. Proven's Website repeatedly advertises its locks with the phrase "Made in the USA" or an American flag logo and the phase "Made in the USA", examples of which are shown below:

3



**Proven's Social Media Posts Falsely Claim Its Products are "Made in the USA"**

11.     Proven also prominently claims that its locks are "Made in USA" in its social media posts.

12.     In the Proven Instagram post made on June 30, 2025, shown below, Proven asserts that its Model 2516 is "Made in the USA":

4



13.     Similarly, Proven's June 18, 2025, Instagram post, has text reading "Made in America" and the video opens with a shot of a trailer with a large American flag and the words "MADE IN THE USA":



Later in that same post, a close up of a Proven lock component is shown with "MFG. IN USA":

5



14.     The audio on Proven's June 18, 2025, Instagram post also promotes that its Model GPMAX lock uses an "Abloy Sentry lock core. Abloy is a Finnish company that manufactures its lock cores in Finland. Thus, the lock cores used in Proven's Model GPMAX are not "Made in America" or manufactured in the USA as Proven's Instagram post falsely asserts.

15.     On March 5, 2025, Proven's Instagram post falsely proclaimed that "we manufacture everything in the USA" as shown in the screenshot below:



16.     Proven's Instagram posts falsely claiming that its locks are "Made in America!" go back at least to January 19, 2023, as shown in the post below:

6



**Proven's Instagram Post Falsely Denying Its Locks are Made in China**

17. On June 27, 2025, Proven made the Instagram post shown below stating "China Made Locks" "This is totally FALSE! We make everything here in America!":



7

18. Despite its repeated representations, Proven does not "make everything here in America."

19. The audio for Proven's June 27, 2025, social media post states, "I don't know where you got your information from. I don't know who your source is, but that is incorrect."

20. Ironically, Mr. Lee himself admitted, while testifying under oath as Proven's corporate representative, that Proven imports some of its locks and most of its lock cores from China. Mr. Lee also testified that some of the lock cores used in Proven's locks come from Finland.

21. Specifically, in his April 17, 2025, deposition as Proven's designated corporate representative, Mr. Lee testified:

> Q. All right. And how about Proven Industries, **does Proven Industries import any product from outside the United States?**
> A. **Yeah. Our lock cylinders**. (Emphasis added.)

April 17, 2025, Deposition of Ronald Lee, II, in the case styled *Ronald Lee, II, and Proven Industries, Inc. v. Pacific Lock Company and Gregory B. Waugh*, Case No. 8:24-cv-01667-SDM-UAM, (the "Lee Depo"), p. 17, lines 17 – 20. The cited portions of the Lee Depo are attached to this Complaint as Exhibit A.

> Q. **What percentage of the cylinders that Proven Industries uses on its products are imported from China?**
> A. **I'd feel comfortable around the 90 percent are imported.**
> Q. Where does Proven Industries obtain the other approximate 10 percent of cylinders?
> A. Well, actually, I might have misspoke here. So Proven Industries, I want to say **we personally, under Dynamic Manufacturing, import approximately 50 percent of our**

8

> **cylinders that we use, and then we have a vendor, which is -- that makes up for the other 50 percent -- I'm saying approximately here.** It might be plus or minus. But that's kind of close -- close to where it's at. **And they import from China as well, and then they also are like a distributor of the cyl- -- other -- the cylinders that are from, I guess, Finland** and some that are made domestically. (Emphasis added.)

*See Id.*, p. 18, line 16 through p. 19, line 7.

**Defendants' False "Made in USA" Claim About Proven's GusHill USA Products**

22. In 2019, Proven and Mr. Lee were sued for patent infringement by GusHill Industries, Inc. and, as part of the settlement of that case, Proven purchased GusHill Industries, Inc, according to Mr. Lee's deposition testimony.

23. Proven now sells a product line that Proven calls "GusHill USA". Despite its name, Proven imports from China most of the products that Proven advertises and sells under the "GusHill USA" name.

24. On April 17, 2025, Mr. Lee as Proven's corporate representative confirmed that Proven imports most of its GusHill USA products from China:

> Q. **Does GusHill Industries LLC operate out of any of the addresses you gave?**
> A. I mean, technically, yeah. But at what capacity because it's a product. **It's like a – that product line we don't manufacture. We maybe manufacture a couple products, but it's more of a product we import** and -- off our design. So it's maybe in 111, 112 for, like, storage.
> Q. **And where does Proven Industries import the GusHill product from?**
> A. **From China.** (Emphasis added.)

*See* Exhibit A, Lee Depo, at p. 17, lines 4 - 14.

25. Although "GusHill USA" products are imported from China, Proven

advertises its GusHill USA products on the GusHill website (www.gushill.com) (the "GusHill USA Website") as "Made in the USA" as shown from the following screenshot taken from the homepage of the GusHill USA Website:



**Mr. Lee Falsely Claims Proven's Products are "Manufactured in the USA"**

26.     Despite his sworn deposition testimony that Proven imports locks and lock cores from China and that other lock cores in its products are imported from Finland, Mr. Lee perjured himself to this Court by claiming "all" of Proven's products are manufactured in the United States".

27.     Mr. Lee's sworn declaration filed in the United States District Court for the Middle District of Florida on June 2, 2025, states in relevant part:

> **all our products are manufactured in the United States** using high-grade materials.  We proudly emphasize our commitment to quality, integrity, and **American manufacturing**.  (Emphasis added.)

Declaration of Ronald James Lee, II, In Support of Plaintiff's Emergency Motion for Preliminary Injunction and Incorporated Memorandum of Law [Dkt. #10-12], filed in the case styled *Proven Industries, Inc. v. Trevor McNally*, Case No. 8:25-cv-01119-MSS-

LSG (the "Lee Declaration") at paragraph 2. A copy of the Lee Declaration is attached to this Complaint as Exhibit B.

**Defendants' False "Made in USA" Claims Are Part Of A Longstanding Pattern**

28. Defendants' repeated false claims that all their products are "Made in the USA" and "everything" sold by Proven is manufactured in the United States are part of their longstanding practice of deceptive, false, and unfair trade practices.

29. In 2020 during a business dispute with PacLock, Proven and Mr. Lee registered the domain name <packlocks.com> in bad faith, as found by the Arbitration Panel in the ICANN Claim styled *Pacific Lock Company v. Ronald Lee / Proven Industries*, Claim No. FA2008001910564. A copy of the Decision in that ICANN Claim is attached to this Complaint as Exhibit C.

30. On July 15, 2024, Mr. Lee and Proven sued PacLock and its CEO, Gregory Waugh in the case styled *Ronald Lee, II, and Proven Industries, Inc. v. Pacific Lock Company and Gregory B. Waugh*, Case No. 8:24-cv-01667-SDM-UAM (the "*Lee v. PacLock* Case"), falsely alleging among other contested claims that PacLock and Mr. Waugh tortiously interfered with Mr. Lee and Proven's "advantageous business relationship with their Patent Agent", Peter Ganjian, "by demanding that he cease representing Plaintiffs in patent matters." A copy of the Complaint in the *Lee v. PacLock* Case is attached to this Complaint as Exhibit D.

31. Shortly after receiving the Complaint in the *Lee v. PacLock* Case, PacLock's counsel sent counsel for Mr. Lee and Proven the July 31, 2024, Declaration of Peter Ganjian (the "Ganjian Declaration"), which established the falsity of the

claim that PacLock and Mr. Waugh caused Mr. Ganjian to terminate his representation. In material part, the Ganjian Declaration states:

> Neither Mr. Waugh, Pacific Lock Company, nor anyone else ever demanded, requested, or even suggested that I cease representing Mr. Lee or Proven Industries, Inc.
>
> The decision to terminate my representation as a patent agent of Mr. Lee or Proven Industries, Inc. was entirely my own and was not, in any way, influenced by anyone else.

Ganjian Declaration at paragraphs 5 and 6. A copy of the Ganjian Declaration is attached as Exhibit E to this Complaint.

32. Despite being provided with the Ganjian Declaration and the express request of counsel for PacLock and Mr. Waugh, Mr. Lee and Proven refused to drop the tortious interference claim regarding Mr. Ganjian, requiring PacLock and Mr. Waugh to defend that frivolous claim.

33. Deposition testimony taken in the *Lee v. PacLock* Case established that Mr. Ganjian never served as Patent Agent for Proven. Rather, his patent agent services were performed at the direction and for the benefit of Dynamic Manufacturing Group, LLC, a different company owned by Mr. Lee. Such deposition testimony further established that the tortious interference claim by Mr. Lee and Proven was frivolous.

34. Mr. Lee and Proven only dismissed their frivolous tortious interference claim against PacLock and Mr. Waugh after being served with a sanctions motion under Rule 11, Federal Rules of Civil Procedure.

35. Moreover, Mr. Lee, who is a three-time convicted felon, has shown contempt for the judicial system. One of Mr. Lee's felony convictions was for witness

tampering and, as quoted above, Mr. Lee provided a false declaration to this Court in the *Proven v. McNally* case, in which Mr. Lee falsely claimed that "all our products are manufactured in the United States."

36. PacLock has engaged the law firm of Fee & Jeffries, P.A. to represent and vindicate its interests in this case and is obligated to pay the firm reasonable attorneys' fees for that representation.

37. All conditions precedent to the filing and maintenance of this action have been performed, have occurred, or have been excused or waived.

## COUNT I
### False Advertising in Violation of 15 U.S.C. § 1125(a)(1)(B)

38. PacLock realleges and incorporates by reference the allegations in paragraphs 1 through 37.

39. Proven's statements that that its products, including its GusHill USA products, are "Made in the USA", "Made in America", that Proven makes "everything here in America" "and that "we manufacture everything here in the USA" (the "False Made in USA Claims") are all false or misleading statements of fact about the geographic origin of Proven's products.

40. Proven's False Made in USA Claims deceived or have the tendency to deceive a substantial segment of persons exposed to those claims.

41. Proven's False Made in USA Claims are material and likely to influence the purchasing decisions of its potential customers.

42. Proven caused its False Made in USA Claims to enter interstate

13

commerce through the Proven Website and its social media postings.

43. Mr. Lee, as Proven's founder, President, and sole owner, controls and directs the activities of Proven, including its False Made in USA Claims. As such, Mr. Lee is jointly and severally liable with Proven for those claims.

44. PacLock, as a competitor of Proven, has been and is likely to continue to be injured through a loss of sales by Proven's False Made in USA Claims.

45. Proven's blatant and ongoing False Made in USA Claims, especially when properly viewed as part of a pattern of abusive and unfair practices by Mr. Lee and Proven make this an exceptional case entitling PacLock to an award of its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

46. PacLock will likely prevail on the merits of its false advertising claim because Proven's False Made in USA Claims are literally false and Mr. Lee, testifying in his capacity as Proven's designated corporate representative, admitted that many of Proven products and components of Proven's products are imported from China and Finland.

47. PacLock is suffering and will continue to suffer irreparable harm as a result of Proven's continuing False Made in USA Claims. The loss of customers and goodwill as a result of Proven's continuing False Made in USA Claims is not able to be compensated by and award money damages alone.

48. The injuries to PacLock if Proven's False Made in USA Claims are not enjoined outweigh the injury to Proven if Proven is enjoined from continuing to make its False Made in USA Claims because Proven has no legal right to continue making

those false claims.

49. Enjoining Proven from continuing to make its False Made in USA Claims will serve the public interest by protecting the public from Proven's false claims.

WHEREFORE PacLock respectfully requests that this Court:

A. Enter judgment in its favor and jointly and severally against Defendants;

B. Preliminarily and permanently enjoin Defendants from making any false or deceptive claims regarding the geographic source of any products that they advertise or sell;

C. Order that Defendants publish corrective advertising proportionate to their False Made in USA claims;

D. Award to PacLock and against Proven and Mr. Lee: (i) the amount of Proven's profits; (ii) three times the amount of PacLock's damages caused by Defendants' False Made in USA Claims; (iii) the costs of this action; and (iv) PacLock's reasonable attorneys' fees; and

E. Grant to PacLock all other relief that this Court deems appropriate.

## COUNT II
### Deceptive and Unfair Trade Practices in Violation of
### § 502.201, et seq., Florida Statutes

50. PacLock realleges and incorporates by reference the allegations in paragraphs 1 through 37, 39 through 44, and 47 through 49 above.

51. Chapter 86 of the Code of Federal Regulations, part 37032, Section 323.2 ("Section 323.2") provides:

it is an unfair or deceptive act or practice within the meaning of section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. 45(a)(1), to label any product as Made in the United States unless the final assembly or processing of the product occurs in the United States, all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States.

52. Guidance provided by the United States Federal Trade Commission (the "FTC") states:

> For a product to be called Made in USA, or claimed to be of domestic origin without qualifications or limits on the claim, the product must be "all or virtually all" made in the U.S.
>
> . . .
>
> "All or virtually all" means that the final assembly or processing of the product occurs in the United States, all significant processing that goes into the product occurs in the United States, and all or virtually all ingredients or components of the product are made and sourced in the United States. That is, the product should contain no — or negligible — foreign content.

53. Proven's False Made in USA Claims constitute unfair or deceptive acts or practices within the meaning of section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. 45(a)(1).

54. Proven's False Made in USA Claims also violate the FTC's standards for unqualified Made in USA claims.

55. Proven's False Made in USA Claims are deceptive and unfair trade practices that Defendants made in their conduct of trade and commerce.

56. Proven's False Made in USA Claims constitute deceptive and unfair trade practices in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA").

57. PacLock has suffered and will continue to suffer actual damages as a result of Proven's False Made in USA Claims and resulting violations of FDUTPA.

58. PacLock is likely to prevail on the merits of its claim against Defendants for their violations of FDUTPA because Proven's False Made in USA Claims are literally false and Mr. Lee, testifying in his capacity as Proven's designated corporate representative, admitted that many of Proven products and components of Proven's products are imported from China and Finland.

WHEREFORE PacLock respectfully requests that this Court:

A. Enter judgment in its favor and jointly and severally against Defendants;

B. Preliminarily and permanently enjoin Defendants from making any false or deceptive claims regarding the geographic source of any products that they advertise or sell or engaging in other deceptive or unfair trade practices;

C. Order that Defendants publish corrective advertising proportionate to their False Made in USA claims;

D. Award to PacLock and against Proven and Mr. Lee: (i) PacLock's damages caused by Defendants' deceptive and unfair trade practices; (ii) the costs of this action; and (iii) PacLock's reasonable attorneys' fees; and

E. Grant to PacLock all other relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

PacLock requests a trial by jury on all claims so triable.

Respectfully submitted:

July 18, 2025

/s/ *Richard E. Fee*
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com
valeshire@feejeffries.com

*Lead Trial Counsel for Plaintiff,*
*Pacific Lock Company a/k/a PACLOCK*