# EXHIBIT C



EXHIBIT 16
WIT: R. Lee
DATE: 4-17-25
Joanne Caudill, FPR

# DECISION

Pacific Lock Company v. Ronald Lee / Proven Industries, Inc
Claim Number: FA2008001910564

## PARTIES

Complainant is **Pacific Lock Company** ("Complainant"), represented by **Gregory B. Waugh**, United States. Respondent is **Ronald Lee / Proven Industries, Inc** ("Respondent"), represented by **Mark Young, P.A.**, United States.

## REGISTRAR AND DISPUTED DOMAIN NAME

The domain name at issue is **<paclocks.com>**, registered with **GoDaddy.com, LLC**.

## PANEL

The undersigned certifies that he has acted independently and impartially and to the best of his knowledge has no known conflict in serving as Panelist in this proceeding.

David P. Miranda, Esq., as Panelist.

## PROCEDURAL HISTORY

Complainant submitted a Complaint to the FORUM electronically on August 29, 2020; the FORUM received payment on August 29, 2020.

On August 31, 2020, GoDaddy.com, LLC confirmed by e-mail to the FORUM that the **<paclocks.com>** domain name is registered with GoDaddy.com, LLC and that Respondent is the current registrant of the name. GoDaddy.com, LLC has verified that Respondent is bound by the GoDaddy.com, LLC registration agreement and has thereby agreed to resolve domain disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On September 2, 2020, the FORUM served the Complaint and all Annexes, including a Written Notice of the Complaint, setting a deadline of September 28, 2020 by which Respondent could file a Response to the Complaint, via e-mail to all entities and persons listed on Respondent's registration as technical, administrative, and billing contacts, and to postmaster@paclocks.com. Also on September 2, 2020, the Written Notice of the Complaint, notifying Respondent of the e-mail addresses served and the deadline for a Response, was transmitted to Respondent via post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts.

A timely Response was received and determined to be complete on September 28, 2020.

On October 5, 2020, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the FORUM appointed David P. Miranda, Esq., as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that the FORUM has discharged its responsibility under Paragraph 2(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ reasonably available means calculated to achieve actual notice to Respondent" through submission of Electronic and Written Notices, as defined in Rule 1 and Rule 2.

**RELIEF SOUGHT**

Complainant requests that the domain name be transferred from Respondent to Complainant.

**PARTIES' CONTENTIONS**

A. Complainant

Complainant, Pacific Lock Company, produces physical security products such as padlocks and other locking devices. Complainant has rights in the PACLOCKS mark based upon registration with the United States Patent and Trademark Office ("USPTO") (*e.g.,* Reg. No. 5,982,640, registered Feb. 11, 2020). *See* Amend. Compl. Ex. A. Respondent's <paclocks.com> domain name is confusingly similar to Complainant's PACLOCKS mark and <paclock.com> domain name because the disputed domain name simply adds the letter "s" to Complainant's own domain name.

Respondent does not have rights or legitimate interests in the <paclocks.com> domain name because Respondent does not offer products or services related to the PACLOCK mark. Instead, Respondent uses the disputed domain name to host derogatory information about Complainant and redirect users to Complainant's own website.

Respondent registered and uses the <paclocks.com> domain name in bad faith. Respondent uses the disputed domain name as a coercion tool against Complainant. Additionally, Respondent's use of the disputed domain name to host derogatory information about Complainant evidences bad faith.

B. Respondent

Respondent contends that the <paclocks.com> domain name is not confusingly similar to the PACLOCKS mark. Additionally, Respondent registered the disputed domain name before Complainant attempted to register the PACLOCKS mark.

Respondent has rights and legitimate interests in the <paclocks.com> domain name since Respondent operates a business that corresponds with the disputed domain name. Additionally, Respondent's use of the domain name to host criticism of Complainant does not negate rights and legitimate interests.

Respondent's use of the <paclocks.com> domain name cannot be in bad faith because Respondent has legitimate business interests in the name. Also, Respondent's use of the disputed domain name to display criticism of Complainant is not evidence of bad faith.

The disputed domain name was registered on April 17, 2019. *See* Amend. Compl. Ex. B.

**FINDINGS**

Complainant has established each of the elements required under paragraph 4(a) of the Policy, and as such the domain name at issue shall be transferred from Respondent to the Complainant.

**DISCUSSION**

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1) the domain name registered by Respondent is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and
(2) Respondent has no rights or legitimate interests in respect of the domain name; and
(3) the domain name has been registered and is being used in bad faith.

**Identical and/or Confusingly Similar**

Complainant asserts rights in the PACLOCKS mark based upon registration with the USPTO (*e.g.,* Reg. No. 5,982,640, registered Feb. 11, 2020). *See* Amend. Compl. Ex. A. Registration of a mark with the USPTO is generally sufficient to establish rights in the mark per Policy ¶ 4(a)(i). *See DIRECTV, LLC v. The Pearline Group*, FA 1818749 (FORUM Dec. 30, 2018) ("Complainant's ownership of a USPTO registration for DIRECTV demonstrate its rights in such mark for the purposes of Policy ¶ 4(a)(i)."). Since Complainant provides evidence of registration of the PACLOCKS mark with the USPTO, the Complainant has rights in the mark under Policy ¶ 4(a)(i).

Respondent's **<paclocks.com>** domain name is confusingly similar to Complainant's PACLOCKS mark and <paclock.com> domain name because the disputed domain name simply adds the letter "s" to Complainant's own domain name and the ".com" generic top-level domain ("gTLD") was added to the mark. Addition of the letter "s" and a gTLD to a mark does not negate confusing similarity under Policy ¶ 4(a)(i). *See LodgeWorks Partners, L.P. v. Isaac Goldstein / POSTE RESTANTE*, FA 1717300 (FORUM Apr. 5, 2017) ("The Panel agrees; Respondent's <archerhotels.com> is confusingly similar to complainant's ARCHER HOTEL mark."). Thus, the disputed domain name is identical or confusingly similar to Complainant's marks under Policy ¶ 4(a)(i).

Respondent argues that its **<paclocks.com>** domain name was registered prior to Complainant's alleged rights in the mark. However, because this argument is not applicable under Policy ¶ 4(a)(i), the argument will be presented under Policy ¶ 4(a)(iii).

**Rights or Legitimate Interests**

Complainant must first make a *prima facie* case that Respondent lacks rights and legitimate interests in the disputed domain name under Policy ¶ 4(a)(ii), then the

burden shifts to Respondent to show it does have rights or legitimate interests. *See Advanced International Marketing Corporation v. AA-1 Corp*, FA 780200 (FORUM Nov. 2, 2011) (finding that a complainant must offer some evidence to make its *prima facie* case and satisfy Policy ¶ 4(a)(ii)); *see also Neal & Massey Holdings Limited v. Gregory Ricks*, FA 1549327 (FORUM Apr. 12, 2014) ("Under Policy ¶ 4(a)(ii), Complainant must first make out a *prima facie* case showing that Respondent lacks rights and legitimate interests in respect of an at-issue domain name and then the burden, in effect, shifts to Respondent to come forward with evidence of its rights or legitimate interests").

Complainant argues that Respondent's use of the <paclocks.com> domain name to host derogatory information about Complainant and redirect to Complainant's website does not indicate rights and legitimate interests in the domain name. Use of a disputed domain name to host complaints or other information relating to the complainant does not necessarily indicate rights and legitimate interests under Policy ¶ 4(a)(ii). *See Compagnie Generale des Matieres Nucleaires v. Greenpeace Int'l*, D2001-0376 (WIPO May 14, 2001) (holding that the respondent's showing that it "has a right to free speech and a legitimate interest in criticizing the activities of organizations like the Complainant . . . is a very different thing from having a right or legitimate interest in respect of [a domain name that is identical to Complainant's mark]"). Similarly, diverting users to the complainant's legitimate webpage fails to create rights or legitimate interests in a domain name. *See Altavista Co. v. Brunosousa*, D2002-0109 (WIPO Apr. 3, 2002) ("[A]n unconnected party has no right or legitimate interest to use an otherwise deceptive trademark . . . even if it is directed to the legitimate owner of the trademark . . . ."). Complainant notes that the disputed domain name previously resolved to a webpage with derogatory information against Complainant and now redirects to Complainant's legitimate website. Respondent stated in an email to Complainant "I have redirected PACLOCKS.com to your website PACLOCK.Com and would like it to stay that way." Thus, the Panel finds that Respondent does not have rights and legitimate interests in the disputed domain name under Policy ¶ 4(a)(ii).

**Registration and Use in Bad Faith**
Complainant argues that Respondent registered and uses the <paclocks.com> domain name in bad faith because Respondent uses the disputed domain name as a coercion tool against Complainant. Registration of a domain name by someone with a prior relationship with the complainant for the purpose of harming the complainant may evidence bad faith under Policy ¶ 4(a)(iii). *See William Hill Org. Ltd. v. Fulfillment Mgmt. Servs. Ltd.*, D2000-0826 (WIPO Sept. 17, 2000) (finding bad faith registration and use where "[R]espondent's employee must have had the Complainant's trade marks in mind when choosing the disputed domain name and that the respondent's interest was to deprive the complainant of the opportunity to reflect its mark in that name until the registration expires"). Complainant contends that the parties had a prior business relationship and Respondent registered the disputed domain name around the time the relationship was deteriorating. Complainant provides copies of emails between the parties and claims used its domain name ownership to obtain leverage over Complainant in their business relations. *See* Amend. Compl. Exs. D-F.

Additionally, Complainant claims that Respondent's use of the <paclocks.com> domain name to host derogatory information about Complainant evidences bad faith. Use of a disputed domain name to criticize a complainant may suggest bad faith pursuant to Policy ¶ 4(a)(iii). *See Watson Pharm., Inc. v. WhoisGuard*, FA 588321 (FORUM Dec. 19, 2005) ("Even if the goal of providing a free speech forum for criticizing Complainant is commendable, that goal cannot be reached by usurping Complainant's marks and posing as Complainant."). As previously noted, Complainant claims that the disputed domain name was previously used to host criticism of Complainant and its products. Complainant's federal trademark registration presumes a date of first use of May 1, 2018, prior to Respondent's domain registration. Respondent has not offered any proof denying the relationship between parties, or contesting Complainant's use of the mark prior to Respondent's domain registration. The Panel finds bad faith registration and use under Policy ¶ 4(a)(iii).

## DECISION

Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<paclocks.com>** domain name be **TRANSFERRED** from Respondent to Complainant.

---

David P. Miranda, Esq., Panelist
Dated: October 13, 2020

Click Here to return to the main Domain Decisions Page.

Click Here to return to our Home Page