UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PACIFIC LOCK COMPANY,

    Plaintiff,

v.                                                                                  Case No: 8:25-cv-1887-WFJ-TGW

PROVEN INDUSTRIES, INC. and RONALD LEE, II,

    Defendants.

_____

**CASE MANAGEMENT AND SCHEDULING ORDER**

This cause came on for consideration concerning completion of discovery and the scheduling of pretrial procedures and trial. The Court has considered the positions of the parties as set forth in their Case Management Report, and hereby enters the following scheduling and case management requirements whose provisions are very precise and shall be strictly adhered to. Accordingly, it is **ORDERED**:

1. Parties are directed to meet the deadlines below:

   | | |
   |---|---|
   | **M.D. Fla. 3.03 Disclosure** | **IMMEDIATELY** |
   | **Mandatory Rule 26(a)(1) Initial Disclosures**[1] | **September 2, 2025** |
   | **Third Party Joinder/Amend Pleading** | **September 26, 2025** |
   | **Plaintiff Expert Disclosure** | **September 11, 2026** |
   | **Defendant Expert Disclosure** | **September 11, 2026** |
   | **Rebuttal Expert** | **October 9, 2026** |
   | **Discovery Cut-Off** | **October 30, 2026** |
   | **Mediator Selection/Scheduling due by** | **October 23, 2026** |
   | **Conduct Mediation by** | **November 20, 2026** |
   | **Dispositive Motion filing** | **December 18, 2026** |
   | **Pretrial Statement due** | **May 6, 2027** |

2. Parties are further directed to meet the pretrial disclosure requirements and deadlines in Fed.R.Civ.P. 26(a)(3) and to adhere timely to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures, as supplemented herein at ¶ 5.

3. This case is referred to court-annexed mediation in accordance with the rules governing mediation set forth in Chapter Four of the Local Rules. The Court **appointed Leonard H. Gilbert** as Mediator. Counsel for Plaintiff is designated as Lead Counsel to coordinate the scheduling of mediation. Lead counsel must file a Notice of Scheduling Mediation which (a)

---

[1] Failure to timely disclose witnesses may preclude their testimony at trial or hearing.

  identifies the selected Mediator and includes address, telephone, and email information, and (b) sets the time, date, and place for the mediation conference by the above-designated date. The mediation conference must be conducted any time on or before the above-designated date. The parties should consult the undersigned's webpage on the FLMD website for the current policy requiring in person attendance—**The Court does not allow mediation by telephone or video conference. Personal attendance is required absent Court order.**

4. Parties will please note that motions to amend any pleading or a motion for continuance of any pretrial conference, hearing or trial filed after issuance of this Case Management and Scheduling Order *are disfavored*.

5. A Final *Pretrial Conference* will be held before the undersigned **in Courtroom 15B, 801 North Florida Avenue, Tampa, Florida**, on **May 13, 2027, 9:00 AM**. Parties are directed to meet the pretrial disclosure requirements and deadlines in Fed. R. Civ. P. 26(a)(3) and to adhere to all requirements in Local Rule 3.06 concerning final pretrial procedures. The parties shall file a JOINT Pretrial Statement on the date listed in paragraph 1. Failure to do so may result in the imposition of sanctions. The **Pretrial Conference** *shall be attended by counsel who will act as lead trial counsel in the case* and who is vested with full authority to make and solicit disclosure and agreements touching all matters pertaining to the trial.

6. This case is set for ***Jury Trial*** during the term commencing **June 7, 2027,** before the undersigned. This ***June*** trial term shall include the entire month. Estimated length of trial: **5 days**.

7. <u>**SUMMARY JUDGMENT PROCEDURES**</u>: The following procedures shall be followed by the parties:

    (a) A party's claims or defenses for which summary judgment is sought shall be presented in a single motion and incorporated memorandum of law which, absent prior permission of the Court, shall not exceed twenty-five (25) pages total. Multiple motions for summary judgment will not be permitted. A violation of any of these directives will result in the Court *sua sponte* striking a party's motion for summary judgment and incorporated memorandum of law without notice. Any record citations should be to page and line of the filed materials. Please file these materials first so they have a docket entry designation and also cite to that docket entry and page when referencing those materials in your pleadings.

    (b) Prior to filing a motion for summary judgment, the moving party shall confer in good faith with the party or parties against who summary judgment is sought for the purpose of narrowing the factual issues in dispute. A party by separate pleading filed contemporaneously with the motion for summary judgment and incorporated memorandum of law shall certify that such a conference has taken place and that the parties were or were not able to agree on a narrowing of the factual issues in dispute. Unless the parties are in full agreement as to the undisputed facts, the movant shall file a separate "Statement of Undisputed Facts"(not exceeding 20 pages in length), with citations to the record, which shall accompany the motion for

summary judgment.

    (c)    Any party opposing a summary judgment motion shall file a memorandum of law in opposition no later than the time allotted pursuant to Local Rule 3.01(b). To the extent that the party opposing a motion for summary judgment disputes any facts asserted in the motion, a separate "Statement of Disputed Facts"(not exceeding 20 pages in length), with citations to the record, shall accompany the memorandum in opposition. All material facts set forth by the moving party shall be deemed admitted unless controverted by a separate Statement of Disputed Facts.

    (d)    Pursuant to Rule 56(c), Fed.R.Civ.P., as interpreted by the Eleventh Circuit Court of Appeals, the parties are hereby put on notice that the Court will take any motion for summary judgment and all materials in support or in opposition thereto under advisement as of the last day of filing pleadings pertaining to the motion for summary judgment, as that date is mandated by the rules of procedure or by order of the Court. Failure to respond to a motion for summary judgment shall indicate there is no opposition to the motion and may result in final judgment being entered without a trial or other proceeding.

    (e)    Motions to extend time or to alter any requirements set forth in this order or the other rules governing summary judgment motions, including the page limit for memoranda of law pursuant to the Local Rules, are disfavored.

    (f)    Oral argument or hearings will generally not be held on the motion.

    (g)    A violation of any of these directives will result in the Court *sua sponte* striking a party's motion for summary judgment and incorporated memorandum of law without notice.

8. For jury trials, not later than seven (7) days prior to the date on which the trial term is set to commence, the parties shall file with the Clerk of Court, the following:

    (a)    A complete set of all written **Proposed Jury Instructions** (which shall bear a cover sheet with the complete style of the case and appropriate heading designating the submitting party; there shall be no more than on instruction per page and contain, at the end of each such instruction, citation of authorities, if any); they shall be sequentially numbered and party-identified (e.g., Plaintiff's Requested Instruction No. 1). Counsel must email proposed jury instructions and verdict forms in Microsoft Word (.doc or .docx) format to the chambers inbox <u>without titles above each instruction or citations of authorities at the end of each instruction</u>. Include the case number and case name in the subject line; and

    (b)    Proposed Verdict Form

9. The Court conducts the initial voir dire examination. Counsel will have an opportunity to conduct follow-up.

10. After the conclusion of a bench trial, the Court will direct counsel for each party to file proposed findings of fact and conclusions of law (usually 30 days after the trial). The proposed findings of fact and conclusions of law must be emailed to the chambers inbox in Microsoft Word (.doc or .docx).

N.B. Please note generally that the parties should be guided by the discovery guidelines posted on the Court's website. Also, Judge Jung has a preferences page there. He permits Replies as a matter of course, not to exceed eight pages.

**DONE AND ORDERED** in Tampa, Florida, on August 20, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE