UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Pacific Lock Company, a/k/a PacLock, **Plaintiff,** v. Proven Industries, Inc., and Ronald Lee, II, **Defendants.** | CASE NO.: 8:25-cv-01887 |

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE IMMATERIAL AND SCANDALOUS ALLEGATIONS, AND INCORPORATED MEMORANDUM OF LAW**

Defendants Proven Industries, Inc. ("Proven") and Ronald Lee, II ("Mr. Lee") move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Complaint for failure to state a plausible claim under the Lanham Act and FDUTPA, and under Rule 12(f) to strike immaterial and scandalous allegations pleaded solely to prejudice Defendants.

### INTRODUCTION

PacLock's Complaint is long on rhetoric and short on law. It attempts to weaponize the Lanham Act and FDUTPA not to redress a cognizable injury, but to disparage a competitor and gain leverage in ongoing disputes between the parties. Stripped of invective, the Complaint alleges no facts showing that

1

Proven's advertising proximately caused PacLock any actual injury. Its Lanham Act count collapses under *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), and its FDUTPA count founders on Florida's strict definition of "actual damages." Both claims should be dismissed with prejudice.

Compounding these defects, the Complaint is riddled with irrelevant and inflammatory allegations directed at Mr. Lee's character and past, none of which bear on the statutory issues before the Court. Such allegations serve no legitimate pleading function and should be stricken under Rule 12(f). This Court's docket should not be misused as a billboard for disparagement.

## FACTUAL BACKGROUND

The trailer-coupler lock market is longstanding and crowded, populated by numerous established manufacturers and sellers. Proven is one of many participants, offering hundreds of coupler-lock variants. PacLock, by contrast, is primarily a padlock manufacturer and only recently entered the trailer-lock market with a single product line.

Despite this limited presence, PacLock sues over Proven's "Made in USA" advertising but fails to allege that any specific advertisement caused any consumer to withhold trade from PacLock. It identifies no diverted customers, no overlapping sales channels, and no measurable decline in its own sales. Instead, the Complaint devotes disproportionate space to unrelated matters: a prior declaration by Mr. Lee in separate litigation, an ICANN domain dispute, and

2

references to Mr. Lee's prior criminal record. None of this bears on whether PacLock can plausibly establish causation or damages.

## ARGUMENT

**I. The Lanham Act Claim Fails Because PacLock Does Not Plausibly Plead Proximate Causation**

To survive Rule 12(b)(6), a complaint must plead sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). Labels, conclusions, and formulaic recitations are not enough.

Under the Lanham Act, a plaintiff must fall within the statute's zone of interests and plausibly allege that its injury was proximately caused by the challenged advertising. *Lexmark*, 572 U.S. at 132–39. FDUTPA imposes a similar requirement of causation and actual damages. See *Himes v. Brown & Co. Secs. Corp.*, 518 So. 2d 937 (Fla. 3d DCA 1987); *BPI Sports, LLC v. Labdoor, Inc.*, 2016 U.S. Dist. LEXIS 23033 at *17-18 (S.D. Fla. 2016).

PacLock's entire damages theory rests on a single conclusory sentence: that "as a competitor," it "has been and is likely to continue to be injured through a loss of sales." This is precisely the type of generalized allegation that *Lexmark* held insufficient. The Supreme Court emphasized that a competitor plaintiff must plead facts demonstrating a direct, non-speculative causal link between the defendant's advertising and the plaintiff's injury. *Lexmark*, 572 U.S. at 133.

3

PacLock does not identify a single instance in which Proven's "Made in USA" advertising led a consumer to choose Proven over PacLock. It alleges no lost customer, lost contract, or measurable decline in sales. In a crowded market populated by numerous trailer lock manufacturers, such conjectural allegations fall far short of plausibly pleading proximate causation. See *Phoenix of Broward, Inc. v. McDonald's Corp.*, 489 F.3d 1156, 1171–72 (11th Cir. 2007) (rejecting speculative allegations of lost sales); *IQ Prods. Co. v. Pennzoil Prods. Co.*, 305 F.3d 368, 376 (5th Cir. 2002) (affirming dismissal where plaintiff failed to link advertising to lost sales).

Without pleaded facts linking Proven's conduct to any specific harm to PacLock, the Lanham Act claim remains speculative and implausible. The law does not permit a plaintiff to file suit as a fishing expedition in search of facts. Because *Lexmark* requires a direct causal link between the challenged advertising and the alleged injury, and none is alleged here, dismissal with prejudice is required.

## II. The FDUTPA Claim Fails for Lack of Causation and Cognizable Damages

FDUTPA requires a deceptive act, causation, and actual damages. PacLock's claim fails on the same grounds as its Lanham Act count: it pleads no non-conclusory facts showing that Proven's statements caused any specific, ascertainable loss. Courts routinely dismiss FDUTPA claims that rise or fall with

deficient Lanham Act claims. See *Natural Answers, Inc. v. SmithKline Beecham Corp.*, 529 F.3d 1325, 1333 (11th Cir. 2008).

## III. The FDUTPA Claim Also Fails Because the Damages Alleged Are Not Legally Recoverable

Even if PacLock could survive dismissal on causation, its FDUTPA claim fails independently on the damages element. FDUTPA authorizes recovery only for "actual damages," which Florida courts narrowly define as the difference in market value between the product as promised and the product as received. They have consistently excluded consequential damages such as lost profits, loss of goodwill, or reputational injury. *Rodriguez v. Recovery Performance & Marine, LLC*, 38 So. 3d 178, 180 (Fla. 3d DCA 2010); *Stewart Agency, Inc. v. Arrigo Enters., Inc.*, 266 So. 3d 207, 214 (Fla. 4th DCA 2019).

Federal courts applying Florida law agree: "It remains well-settled in Florida that consequential damages in the form of lost profits are not recoverable under FDUTPA." *Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1331 (S.D. Fla. 2012). FDUTPA claims premised on "competitive harm, diverted or lost sales, and harm to goodwill and reputation" have been dismissed as legally defective. *BPI Sports*, 2016 U.S. Dist. LEXIS 23033 at *17-18.

This principle applies with special force in a crowded marketplace where origin claims are routinely qualified with language such as "Made in USA with global components." Conclusory assertions of "lost sales" or "harm to reputation" are precisely the consequential harms FDUTPA excludes.

5

Here, PacLock alleges only that it "has suffered and will continue to suffer actual damages," with no specifics. The only plausible theories are lost profits or reputational harm—quintessential consequential damages that Florida law bars. Nor can PacLock salvage its claim by invoking competitor standing under *Lexmark*. That case clarified standing under the Lanham Act; it did not alter the scope of damages under Florida's consumer protection statute. FDUTPA's remedies remain limited to transactional losses suffered by consumers, not consequential business injuries alleged by competitors.

Because PacLock is not a consumer of Proven's products, it cannot allege any transactional injury of the type FDUTPA requires. Its FDUTPA claim therefore fails outright and should be dismissed with prejudice.

In short, PacLock's FDUTPA claim is legally defective on two independent grounds—lack of causation and lack of recoverable damages. Under Rule 12(b)(6), a claim that cannot allege a cognizable injury must be dismissed at the outset, with prejudice.

## IV. The Complaint's Immaterial and Scandalous Allegations Should Be Stricken

The Complaint is also laden with irrelevant, inflammatory allegations aimed at prejudicing Defendants. Rule 12(f) authorizes courts to strike such material to prevent unfairness and maintain orderly pleadings. *Hutchings v. Fed. Ins. Co.*, 2008 U.S. Dist. LEXIS 75334, 2008 WL 4186994 at *5 (M.D. Fla. Sept. 8, 2008)("The purpose of a motion to strike is "to clean up the pleadings,

streamline litigation, and avoid unnecessary forays into immaterial matters", citing *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)).

Allegations regarding prior litigation, unrelated domain disputes, or decades-old convictions have no bearing on whether Proven engaged in false advertising. Courts routinely strike such immaterial matter *Blake v. Batmasian*, 2016 U.S. Dist. LEXIS 82736*6-8 (S.D. Fla. 2016)(In an overtime compensation action under the FLSA striking allegations of prior loan default, failing to pay payroll taxes and imprisonment due to such failure, negative opinion, and prurient and vulgar behavior).

The following allegations should be stricken:

1. Paragraph 26 accuses Mr. Lee of "perjury" in a separate case—an improper legal conclusion irrelevant here.
2. Paragraph 35 references prior convictions, wholly unrelated to the statutory issues in this case.
3. Paragraphs 28–34 recount unrelated ICANN and litigation matters.
4. The Complaint peppers in argumentative flourishes—accusing Defendants of a "pattern of abusive practices" and labeling the case "exceptional."

These serve no purpose but to inflame and prejudice. They should be stricken under Rule 12(f).

7

## CONCLUSION

PacLock's Complaint is not a good-faith pleading of facts but a retaliatory filing built on misapplication of FDUTPA, conclusory allegations, and character attacks. The Lanham Act and FDUTPA demand more.

Defendants respectfully request that the Court:

1. Dismiss the Complaint under Rule 12(b)(6); and
2. Strike the immaterial and scandalous allegations identified above under Rule 12(f).

Defendants further request such other and further relief as the Court deems just and proper.

**Dated:** September 20, 2025

Respectfully submitted,

/s/ Mark J. Young
Mark J. Young (Fla. Bar No. 0078158)
MARK YOUNG, P.A.
1638 Camden Avenue
Jacksonville, FL 32207
Tel.: (904) 996-8099
myoung@myoungpa.com
Counsel for Defendants Proven Industries, Inc. and Ronald Lee, II

## Certificate of Good-Faith Conference (Local Rule 3.01(g))

I certify that on August 19, 2025, during a telephonic case-management conference, I conferred with Plaintiff's counsel regarding this motion. Plaintiff's counsel indicated he would not agree to the requested relief, necessitating this filing.

/s/ Mark J. Young
Attorney for Defendants

## Certificate of Service

I certify that on September 20, 2025, I filed the foregoing using the CM/ECF system, which will serve all counsel of record.

/s/ Mark J. Young
Attorney for Defendants