UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Pacific Lock Company, a/k/a
PacLock

        Plaintiff,

v.

Proven Industries, Inc., and
Ronald Lee II,

        Defendants.

_____/

Case No.: 8:25-CV-01887-WFJ-TGW

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE IMMATERIAL AND SCANDALOUS ALLEGATIONS

Pursuant to Local Rule 3.01, Plaintiff, Pacific Lock Company, a/k/a PacLock ("PACLOCK") responds as follows in opposition to Defendants' Motion to Strike Immaterial and Scandalous Allegations (Dkt. No. 17)(the "Motion")[1]:

The Motion is a "time waster"[2] and should be, as most motions to strike are, denied. Defendants' Motion is simply an attempt to prevent their persistent and undeniable pattern of deceptive and bad faith conduct from being considered in this case. However, the Defendants' pattern of conduct is directly relevant to PACLOCK's claims against them for making false "made in USA" claims about their products.

---

[1] Per Local Rule 3.01(c), Plaintiff will respond to Defendants' Motion to Dismiss for Failure to State a Claim twenty-one days after service of the motion.

[2] *Clouse v. Loan Depot, LLC,* 2025 WL 36107, *2 (M.D. Fla. Jan. 6, 2025)(denying motion to strike).

## I.     LEGAL AUTHORITY

"[M]otions to strike under Rule 12(f) are viewed with disfavor and are infrequently granted even when they are technically appropriate and well-founded because striking is a drastic remedy." *Hammock Harbour v. Flagler County,* 2025 WL 2083677, *1 (M.D. Fla. June 16, 2025)(quotations omitted)(denying motion to strike). Indeed, "such motions are routinely denied by courts in this district." *Lloyd v. American Freedom Distillery, LLC,* 2025 WL 2337296, *1 (M.D. Fla. August 13, 2025)(denying motion to strike).

Although under Rule 12(f), the Court "may strike from a pleading …. any redundant, immaterial, impertinent, or scandalous matter," "motions to strike allegations are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Kennedy v. FHIA, LLC,* 2024 WL 4989339, *1 (M.D. Fla. December 5, 2024)(denying motion to strike).

> An allegation is immaterial if it has no value in developing the issues of the case. An allegation is impertinent if it is irrelevant to the issues and which are not properly in issue between the parties. A matter is scandalous if it is both grossly disgraceful (or defamatory) and irrelevant to the action or defense.

*Jacques v. Jacques,* 2016 WL 7034513, *5 (M.D. Fla. Dec. 1, 2016)(denying motion to strike).

"To prevail on a motion to strike, the movant must show that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Hammock,* 2025 WL 2083677 at *1 (quotations

2

omitted) (denying motion to strike where movant "failed to show any prejudice from the allegations.").

"If there is any doubt as to whether under any contingency the matter may raise an issue, the motion to strike should be denied." *Jacques*, 2016 WL 7034513 at *5.

## II.   ARGUMENT

This is not one of those rare cases warranting the "drastic" remedy of striking the Complaint's allegations. Defendants have not shown that the allegations at issue are "so unrelated to" PACLOCK's claims "as to be unworthy of any consideration", and have not shown that "their presence in the pleading throughout the proceeding will be prejudicial" to Defendants.

### A. Defendants' Caselaw Does Not Support Striking The Complaint's Allegations

The Motion cites a Middle District of Florida case and a Southern District of Florida case, neither of which compel striking any of the Complaint's allegations. First, in *Hutchings v. Federal Ins. Co.,* 2008 WL 4186994, *2 (M.D. Fla. Sept. 8, 2008), the Middle District of Florida denied the motion to strike. The movant had "not demonstrated that Plaintiff's request for consequential damages has no possible relationship to the controversy, may confuse the issues, or will otherwise prejudice Defendant." 2008 WL 4186994 at *2. Moreover, the language in the Complaint did "not constitute a redundant, immaterial, impertinent, or scandalous matter." *Id.*

Like the defendant in *Hutchings*, the Defendants here have not demonstrated that each of the allegations at issue "has no possible relationship" to PACLOCK's

3

claims, "may confuse the issues," "or will otherwise prejudice" the Defendants. Additionally, the language in the allegations are not "redundant, immaterial, impertinent, or scandalous." The Court should deny the Motion as the *Hutchings* court did.

In *Blake v. Batmasian,* 2016 U.S. Dist. LEXIS 82736 (S.D. Fla. June 10, 2016), the Court granted a motion to strike in part and denied it in part. Plaintiff brought a claim to recover overtime compensation under the Fair Labor Standards Act. The Court:

- refused to strike allegations because Plaintiff claimed they occurred outside of the statute of limitations period and were irrelevant; the Court noted that "[f]acts and circumstances outside the limitations period may have relevance and may be probative of issues to be tried in the case";

- struck allegations the defendants defaulted on a $150,000 loan because there was no relevance to the overtime pay claim;

- struck allegations that the defendants were "extremely wealthy, powerful, and feared individuals" because they were immaterial to the overtime pay claim;

- denied motion to strike allegation that one of the defendants was a Harvard-educated attorney as the allegation may be relevant to intent and willfulness;

- struck allegations that defendants failed to pay payroll taxes and one of the defendants went to prison for a previous failure to pay payroll taxes because they were immaterial to the overtime pay claim;

- struck paragraphs that alleged "prurient and vulgar behavior" by one of the defendants but denied motion to strike allegations that defendant gave out vouchers for massages in lieu of overtime; and

- denied motion to strike the massage vouchers as an exhibit even though defendant argued they were not relevant to the overtime pay claim and "intended only to harass, denigrate, disparage and embarrass" the defendant.

4

2016 U.S. Dist. LEXIS 82736 at **5-10.

Under *Blake*, if the allegations "may have relevance" to the claims and are not otherwise scandalous, then they should not be struck. The allegations that the *Blake* court struck were clearly unrelated to the overtime pay claim; the "scandalous" allegations were "vulgar." As discussed below, each of the allegations at issue are relevant to PACLOCK's claims, none rise to the level of being "scandalous", and should not be struck.

### B. Paragraphs 26, 28 Through 34, and 35 And The "Argumentative Flourishes" "Pepper[ed]" In The Complaint Should Not Be Struck

The Motion asserts that "[t]he Complaint is also laden with irrelevant, inflammatory allegations aimed at prejudicing Defendants," and states that allegations which are the subject of the Motion "serve no purpose but to inflame and prejudice," and "should be stricken under Rule 12(f)." Defendants cite to no authority for the proposition that these factors constitute grounds under Rule 12(f) and the Rule does not expressly encompass such reasons. For this reason alone, the Court should deny the Motion.

Nor has Defendants shown that the challenged allegations are "so unrelated" to PACLOCK's claims as to be "unworthy of consideration" and "prejudicial" to Defendants. *Hammock,* 2025 WL 2083677 at *1. Each of the challenged allegations are relevant to PACLOCK's claims and not otherwise prejudicial, "redundant, immaterial, impertinent, or scandalous."

5

1. **Paragraph 26**

Defendants argue that "[p]aragraph 26 accuses Mr. Lee of 'perjury' in a separate case – an improper legal conclusion irrelevant here." Motion at p. 7.

Paragraph 26 states in full:

Despite his sworn testimony that Proven imports locks and lock cores from China and that other lock cores in its products are imported from Finland, Mr. Lee perjured himself to this Court by claiming "**all**" of Proven's products are manufactured in the United States.

The next paragraph sets forth the facts establishing the perjury allegation:

Mr. Lee's sworn declaration filed in the United States District Court for the Middle District of Florida on June 2, 2025, states in relevant part:

**all our products are manufactured in the United States** using high-grade materials. We proudly emphasize our commitment to quality, integrity, and **American manufacturing.**

Complaint at para. 27 (emphasis in original and added).

Mr. Lee's declaration that "**all** our products are manufactured in the United States" cannot be true in light of his sworn deposition testimony that "Proven imports locks and lock cores from China … and other lock cores … from Finland." Swearing to what is untrue is the very definition of perjury and not an "improper legal conclusion." *See* http://www.merriam-webster.com/dictionary/perjury. There is no reason to avoid calling Mr. Lee's false statement to this Court "perjury". Perjury is precisely what it is.

The allegation regarding Mr. Lee's well-documented perjury is directly relevant to both claims in the Complaint. Because the perjurious statement by Mr. Lee asserts

6

that "**all**" of Proven's products are "manufactured in the United State," it could not be more related or relevant to PACLOCK"s false advertising claim in Count I based on the Defendants making persistent and false "made in USA" claims about their products.  Mr. Lee submitted his perjurious statement to the Court in connection with a highly publicized case which Defendants filed against a well-known lock picking social media personality who purchased and then quickly picked Proven's locks with a shim made from an aluminum can.[3]  It is PACLOCK's position that Mr. Lee made his perjurious statement in order to falsely suggest that Proven's locks are high-quality items because they are made in the USA.  Such a statement was, therefore, intended to materially influence purchasing decisions of consumers.

      Second, the allegation is directly relevant to the Deceptive and Unfair Trade Practices ("DUTPA") claim in Count II.  PACLOCK alleged that "Defendants' repeated false claims that all their products are 'Made in the USA' and 'everything' sold by Proven is manufactured in the Unites States are part of their longstanding practice of deceptive, false, and unfair trade practices." Complaint at para. 28.  Mr. Lee's perjury is part of the "deceptive, false, and unfair trade practices" underlying the DUTPA claim.

---

[3] *See Proven Industries, Inc. v. Trevor McNally,* Case No. 8:25-cv-01119-MSS-LSG, filed on May 1, 2025.

2. <u>**Paragraphs 28 through 34**</u>

Defendants contend that "[p]aragraphs 28-34 recount unrelated ICANN and litigation matters." "Unrelated" is not the standard for striking allegations in a pleading.

The allegations of the ICANN proceeding and other lawsuits are relevant to the False Advertising claim. Paragraphs 28 through 34 are set forth in a section of the Complaint titled "**Defendants' False 'Made in USA' Claims Are Part Of A Longstanding Pattern.**" (bold in original) The Complaint proceeds to allege that

> Proven's blatant and ongoing False Made in USA Claims, especially when properly viewed as part of a pattern of abusive and unfair practices by Mr. Lee and Proven make this an exceptional case entitling PacLock to an award of its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

Complaint at para. 45.

The allegations regarding the ICANN proceeding and other lawsuits are the "pattern of abusive and unfair practices" that is the context, or forms part of the basis, for declaring the case "exceptional" under the Lanham Act that PACLOCK requests the Court consider. Because the allegations, at a minimum, "may have relevance" to the False Advertising claim and are not scandalous, the Court should not strike them per Defendants' case, *Blake v. Batmasian,* 2016 U.S. Dist. LEXIS 82736.

3. <u>**Paragraph 35**</u>

The Motion argues that "[p]aragraph 35 references prior convictions, wholly unrelated to the statutory issues in this case." "[W]holly unrelated", standing alone, is

not the standard for striking allegations in a pleading and the Motion should be denied with regards to paragraph 35.

Paragraph 35 of the Complaint alleges, in full, that:

> <u>Moreover, Mr. Lee, who is a three-time convicted felon, has shown contempt for the judicial system. One of Mr. Lee's felony convictions was for witness tampering</u> and, as quoted above, Mr. Lee provided a false declaration to this Court in the *Proven v. McNally* case, in which Mr. Lee falsely claimed that "all our products are manufactured in the United States.[4]

The allegations of the prior convictions are relevant to the False Advertising claim. Paragraph 35 is set forth in the section of the Complaint titled "**Defendants' False 'Made in USA' Claims Are Part Of A Longstanding Pattern."** (bold in original). The Complaint proceeds to allege that:

> Proven's blatant and ongoing False Made in USA Claims, especially when properly viewed as part of a pattern of abusive and unfair practices by Mr. Lee and Proven make this an exceptional case entitling PacLock to an award of its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

Complaint, Dkt. No. 1 at para. 45.

The allegations regarding Mr. Lee's felony conviction for witness tampering provides factual support for the allegation that he has shown contempt for judicial proceedings. Mr. Lee's contempt for judicial proceedings is the context, or forms part of the basis, for declaring the case "exceptional" under the Lanham Act that PACLOCK asks the Court to consider. Because the allegations "may have relevance"

---

[4] Only the underlined portion of paragraph 35 "references prior convictions." Consequently, the Motion does not seek to strike the remainder of paragraph 35 and that part of paragraph 35 should not be stricken.

9

to the False Advertising claim and are not scandalous, the Court should not strike them per *Blake*, 2016 U.S. Dist. LEXIS 82736.

### 4. "Argumentative flourishes" "peppered" in the Complaint

Defendants argue that "[t]he Complaint peppers in argumentative flourishes – accusing Defendants of a "pattern of abusive practices" and labeling the case "exceptional." Defendants, however, fail to cite the specific paragraphs of the Complaint that they request be stricken. In addition, the Defendants fail to cite a specific reason why those allegations should be stricken under Rule 12(f).[5] Because Defendants have failed to meet their burden to prove these allegations should be stricken, the Motion should be denied.

The terms "abusive" and "exceptional" appear only once in the Complaint, in paragraph 45. Paragraph 45 states in full:

> Proven's blatant and ongoing False Made in USA Claims, especially when properly viewed as part of a pattern of abusive and unfair practices by Mr. Lee and Proven make this an exceptional case entitling PacLock to an award of its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

15 U.S.C. section 1117(a) provides, in part, that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Because an "exceptional case" is the standard for fees under the Lanham Act, PACLOCK is required to "label

---

[5] The sentences, "[t]hese serve no purpose but to inflame and prejudice. They should be stricken under Rule 12(f)" appear below and are indented, indicating a new paragraph. Those two sentences do not appear to relate to the "argumentative flourishes" "peppered" in the Complaint discussed in paragraph 4 on page 7 of the Motion.

the case exceptional" in the Complaint in order to seek fees. This allegation is clearly relevant to the False Advertising claim and not "redundant, immaterial, impertinent, or scandalous" under Rule 12(f). The allegation should not be stricken.

The "pattern of abusive practices" provide the context or part of the basis as to why PACLOCK believes "Proven's blatant and ongoing False Made in USA Claims" make this an exceptional case. This allegation, too, is not "redundant, immaterial, impertinent, or scandalous" under Rule 12(f) and should not be stricken.

## CONCLUSION

For all of the foregoing reasons discussed more fully above, PACLOCK respectfully requests the Court deny Defendants' Motion to Strike in full.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 6, 2025, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Mark J. Young (myoung@myoungpa.com), MARK YOUNG, P.A., 1638 Camden Ave., Jacksonville, Florida 32207.

                                                     */s/ Richard E. Fee*
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com
valeshire@feejeffries.com

*Lead Trial Counsel for Plaintiff,*
*Pacific Lock Company, a/k/k PacLock*