## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Pacific Lock Company,
a/k/a PacLock,

      Plaintiff,

Case No.: 8:25-CV-01887-WFJ-TGW

v.

Proven Industries, Inc., and
Ronald Lee, II,

      Defendants.

_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Pursuant to Local Rule 3.01, Plaintiff, Pacific Lock Company, a/k/a PacLock ("PacLock") responds as follows in opposition to Defendants' Motion to Dismiss for Failure to State a Claim [Dkt. #17] (the "Motion")[1]:

### INTRODUCTION

PacLock sued Proven Industries, Inc. ("Proven") and Ronald Lee, II ("Mr. Lee" and with Proven, the "Defendants") for false advertising under the Lanham Act and for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). PacLock founded its claims on Defendants' persistent false advertising that "all" of Proven's products are "Made in the USA" or that certain of its lock products are

---

[1] Per Local Rule 3.01(c), Plaintiff responded to Defendants' Motion to Strike Immaterial and Scandalous Allegations on October 6, 2025 (Dkt. No. 18).

"Made in the USA". The falsity of Defendants' advertising is not seriously in dispute. Mr. Lee, testifying as Proven's designated corporate representative, admitted many of Proven's lock products are either made in, or contain key components from, China.

Consumers in the United States are interested in purchasing American made goods. They do this not only for patriotic reasons, but because of the perceived quality difference over foreign-made products. Defendants used their false "Made in the USA" representations to materially influence consumers to purchase Proven's lock products, resulting in diverted sales away from PacLock's competing locks.

Defendants' contentions in their Motion that PacLock's Complaint fails to properly allege a claim under the Lanham Act and seeks profits which are not recoverable under FDUTPA are categorically wrong. Both the Lanham Act and FDUTPA claims are well-pled and the Motion should be denied.

## LEGAL STANDARD

"A complaint **should not be dismissed** for failure to state a claim unless it appears **beyond doubt** that a plaintiff can prove **no set of facts** that would entitle him to relief." *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp.2d 1314, 1321 (M.D. Fla. 2007)(emphasis added)(counterclaimant stated prima facie claim for Lanham Act false advertising).

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.

*Ameritox Ltd. v. Millennium Labs., Inc.,* 889 F.Supp.2d 1304, 1311-12 (M.D. Fla. Aug. 23, 2012)(denying motion to dismiss Lanham Act false advertising claim).

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court views the complaint in a light most favorable to the plaintiff and "accept[s] as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007).

A plaintiff needs to plead only "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 579, 127 S.Ct. 1955 (2007). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.,* 520 F.3d 1308, 1309-10 (11th Cir. 2008)(quoting *Twombly*, 550 U.S. at 545). "[N]o part of the *Twombly-Iqbal* pleading standard requires a plaintiff to provide *evidence* for the factual allegations in a complaint before they are 'entitled to the assumption of truth' at the motion-to-dismiss stage." *Hi-Tech Pharmaceuticals, Inc. v. HBS Int'l Corp.,* 910 F.3d 1186, 1197 (11th Cir. 2018) (emphasis in original)(affirming denial of motion to dismiss Lanham Act false advertising claim).

"In seeking dismissal for failure to state a viable claim, a defendant thus bears the '***very high burden***' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Third Party Verification,* 492 F. Supp.2d at 1321 (emphasis added).

3

Moreover, under Rule 15(a), Federal Rules of Civil Procedure, a Complaint should not be dismissed with prejudice (as Defendants ask in their Motion) unless: (1) there has been "undue delay, bad faith, dilatory motive, or a repeated failure to cure deficiencies by amendments"; (2) "allowing amendment would cause undue prejudice to the opposing party"; or (3) "amendment would be futile". *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022). Defendants' Motion fails to identify, say nothing of argue, any basis for their requested dismissal with prejudice.

## ARGUMENT

### I.   PACLOCK'S LANHAM ACT CLAIM IS PROPERLY PLED

Count I of the Complaint contains sufficient factual allegations to properly plead a claim for false advertising under the Lanham Act. To state a claim for false advertising,

> the party must allege: (1) the advertisements of the opposing party are false or misleading as to the party's own product o[r] another's; (2) the advertisements actually deceived customers or had the tendency to deceive a substantial portion of the targeted audience; (3) the deception is material, meaning it is likely to influence purchasing decisions; (4) the defendant's advertised products traveled in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false or misleading advertisements by casually related declining sales or loss of goodwill.

*Third Party Verification,* 492 F.Supp.2d at 1324 (denying motion to dismiss Lanham Act false advertising claim).

Defendants contend only that PacLock failed to sufficiently plead proximate cause. None of the other elements of a false advertising claim are at issue.

### A. Count I Sufficiently Alleges Proximate Cause Under *Lexmark*

#### 1. <u>Defendants' Motion misrepresents *Lexmark's* holding</u>.

Defendants base their entire argument that PacLock did not plausibly plead proximate causation on misstating the holding in *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118 (2014). Defendants contend that:

> PacLock's entire damages theory rests on a single conclusory sentence: that "as a competitor," it "has been and is likely to continue to be injured through a loss of sales." This is precisely the type of generalized allegation that *Lexmark* held insufficient. The Supreme Court emphasized that a competitor plaintiff must plead facts demonstrating a direct, non-speculative causal link between the defendant's advertising and the plaintiff's injury.

Motion at p. 3.

In *Lexmark*, the Supreme Court <u>**never**</u> found that the cited allegations were "insufficient" or that "generalized allegations" of a competitor relationship and loss of sales were insufficient. In fact, the Court noted that the parties were not even direct competitors. 572 U.S. at 138. Rather, the Supreme Court stated:

> [w]e thus hold that a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; **and that that occurs when deception of consumers causes them to withhold trade from the plaintiff**.

572 U.S. at 133 (emphasis added). In other words, *Lexmark*'s proximate cause requirement is met when plaintiff has lost sales as a result of the false advertising. "[D]iversion of sales to a direct competitor may be ***the paradigmatic direct injury*** from

5

false advertising." 572 U.S. at 138 (emphasis added). The Supreme Court did **not** hold that an allegation of sales lost as a result of the false advertising required more detail.

### 2. PacLock sufficiently pled Defendants' false advertising proximately caused its injuries.

Defendants wrongly assert that the Complaint's allegations of "competitor" and "loss of sales" are merely "conclusory". Motion at 3. These are *factual* allegations and *not legal conclusions*. *See Strategic Partners, Inc. v. FIGS, Inc.,* 2019 WL 12435672, *4 (C.D. Calif. August 19, 2019)(stating "lost sales … [is a] factual allegation[] rather than legal conclusion[]" and finding plaintiff sufficiently alleged damages for Lanham Act false advertising claim).

The allegations in PacLock's Complaint supporting proximate cause include:

**Paragraph 40**: "*Proven's False Made in USA Claims deceived or have the tendency to deceive* a substantial segment of persons exposed to those claims";

**Paragraph 41**: "Proven's False Made in USA Claims are material and *likely to influence the purchasing decisions* of its potential customers";

**Paragraph 44**: "*PacLock, as a competitor of Proven, has been and is likely to continue to be injured through a loss of sales* by Proven's False Made in USA Claims";

**Paragraph 47**: "*PacLock is suffering and will continue to suffer irreparable harm as a result of Proven's continuing False Made in USA Claims*. The *loss of customers and goodwill as a result of Proven's continuing False Made in USA Claims* is not able to be compensated by an[] award of money damages alone."

(Emphasis added).

6

The allegations quoted above unquestionably demonstrate that PacLock properly alleged proximate causation. PacLock alleged: (a) it is a competitor of Proven; (b) Defendants' False Made in USA Claims are likely to deceive potential customers; and (c) PacLock was injured through a loss of sales and is suffering a loss of customers and goodwill as a result of Proven's False Made in USA Claims. *See Arthrex, Inc. v. West Coast Medical Resources, LLC,* 2015 WL 12844946, * 5 (M.D. Fla. Nov. 25, 2015)(proximate cause sufficiently alleged where plaintiff alleged "it has suffered injury as a result of [defendant's] false and misleading representations and will continue to suffer further damages and irreparable harm."); *Third Party Verification,* 492 F.Supp.2d at 1324 (proximate cause sufficiently alleged where third party alleged defendants' statements are false "having a material effect on consumer purchasing decisions and resulting in damages to Third Party.").

### B.  PacLock Is Not Required To Allege Specific Lost Customers, Lost Contracts, Or A Specific Decline in Sales As Defendants Argue

Defendants' Motion also criticizes PacLock for failing to allege facts the law does not require. Specifically, Defendants claim PacLock's Complaint is "speculative and implausible" because it does not identify any lost customers or contracts, or allege a "measurable decline in sales". Motion at p.4. Neither of the cases cited by Defendants support their argument.

Defendants' first case, *Phoenix of Broward, Inc. v. McDonald's Corp.,* 489 F.3d 1156, 1171-72 (11th Cir. 2007)*, was expressly abrogated by Lexmark. See Lexmark,* 572 U.S.

at 118, under "**Holdings**" "**[2]**"[2]. Defendants' citation to this expressly abrogated case is inexcusable.

Next, Defendants' Motion inaccurately describes *IQ Prods. Co. v. Pennzoil Prods. Co.,* 305 F.3d 368, 376 (5th Cir. 2002) as "affirming dismissal where plaintiff failed to link advertising to lost sales." Motion at 4. In *IQ Prods.*, the Eleventh Circuit affirmed *summary judgment* (**not** dismissal) because:

> IQ *failed to produce competent summary judgment evidence* that it was harmed by the defendants' allegedly false and misleading advertisement. IQ presented *no competent summary judgment evidence* that indicates that consumers would have bought IQ's tire inflator products instead of Fix-A-Flat in the absence of the defendants' allegedly false and misleading statements.

305 F.3d at 376 (emphasis added). Obviously, at the summary judgment stage, a plaintiff must come forward with evidence. Not so at the pleading stage.

Defendants cite no authority that PacLock must identify specific lost sales to adequately plead that it has suffered an injury. Nor could Defendants do so. Such specificity simply is *not* required at the pleading stage.

"In the Eleventh Circuit, the weight of authority holds that a Lanham Act claim for false advertising … need not be pleaded with specificity." *Incarcerated Entertainment, LLC v. Warner Bros. Pictures,* 261 F.Supp.3d 1220, 1227 (M.D. Fla. May 10, 2017)(rejecting defendant's argument that "Plaintiff must allege in detail how its goodwill was damaged or how its sales declined"); *Zagg Inc. v. Ichilevici,* 2024 WL

---

[2] The case itself notes at the top that it was abrogated by *Lexmark.*

8

5186468, *4 (S.D. Fla. Dec. 20, 2024)(quoting *Incarcerated*); *see Hi-Tech Pharmaceuticals,* 910 F.3d at 1197("no part of the *Twombley-Iqbal* pleading standard requires a plaintiff to provide evidence for the factual allegations in the complaint before they are 'entitled to the assumption of truth' at the motion-to-dismiss stage," affirming that plaintiff properly pled Lanham Act false advertising claim); *see also Third Party Verification,* 492 F.Supp.2d at 1324 (rejecting argument that "plaintiff is obligated to allege more than bare allegations" for Lanham Act false advertising claim); *Strategic Partners,* 2019 WL 12435672, *4 (plaintiff not required to prove lost sales data at the pleadings stage).

Not requiring a plaintiff to plead specific lost customers in a Lanham Act false advertising case is consistent with the Supreme Court's direction that,

> [a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim.

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130 (1992).

## II.   PACLOCK'S FDUTPA CLAIM PROPERLY PLED CAUSATION

Defendants' Motion to dismiss Count II of the Complaint should also be denied. In Count II, PacLock sued Defendants for violation of FDUPTA. "To state a claim for FDUTPA, a plaintiff must allege: (1) a deceptive act or unfair practice; (2) causation; and (3) damages." *Wyndham Vacation Ownership, Inc. v. Clapp Bus. Law, LLC,* 411 F.Supp.3d 1310, 1320 (M.D. Fla. Sept. 16, 2019)(denying motion to dismiss FDUTPA claim).

Defendants first argue that the FDUTPA claim should be dismissed because "[c]ourts routinely dismiss FUTPA claims that rise or fall with deficient Lanham Act claims." Motion at pp. 4-5. However, as described above, PacLock sufficiently pled its Lanham Act false advertising claim. Given that the two claims are based on the same conduct, the Court should deny Defendants' Motion on this ground. See e.g. *Diamond Resorts Int'l, Inc. v. Aaronson,* 371 F.Supp.3d 1088, 1115 (M.D. Fla. 2019).

### III.   LOST PROFITS ARE RECOVERABLE UNDER FDUTPA

Defendants' only remaining argument to dismiss PacLock's FDUTPA claim is based on the false premise that lost profits are not recoverable under FDUTPA. Motion, at pp. 5-6.  Defendants are mistaken.

"[A] business **may** recover past lost profits under FDUTPA." *Nuvasive, Inc. v. Absolute Medical, LLC,* 2025 WL 884111, *15 (M.D. Fla. Jan. 17, 2025)(emphasis added); *Rebotix Repair, LLC v. Intuitive Surgical, Inc.,* 2022 WL 3272538, *17 (M.D. Fla. Aug. 10, 2022); *HealthPlan Servs., Inc. v. Dixit,*  2021 WL 4927434, *8 (M.D. Fla. May 27, 2021), *report and recommendation adopted by* 2021 WL 4926752 (M.D. Fla. July 22, 2021); *Wilco Trading LLC v. Shabat,*  2021 WL 1146634, *9 (M.D. Fla. March 8, 2021), *report and recommendation adopted,*  2021 WL 1140097 (M.D. Fla. March 25, 2021); *Tymar Distribution LLC v. Mitchell Group USA, LLC,* 558 F. Supp.3d 1275, 1283-86 (S.D. Fla. 2021); *see Coast Pump & Supply Co., Inc. v. Franklin Elec. Co., Inc.,* 2025 WL 2676430, *3 (M.D. Fla. Sept. 18, 2025)(rejecting argument that past lost profits are not recoverable under FDUTPA); *Diamond Resorts Int'l, Inc. v. Aaronson,* 371 F.Supp.3d

10

1088, (M.D. Fla. March 5, 2019)("lost profits already suffered constitute actual damages for purposes of FDUTPA"); *Global Tech LED, LLC v. Hilumz Int'l Corp.,* 2017 WL 588669, *9 (M.D. Fla. Feb. 14, 2017)(denying motion to dismiss because past lost profits are a "proper form of actual damages" under FDUTPA).

Although neither the Florida Supreme Court nor the Eleventh Circuit decided whether lost profits are "actual damages" under FDUTPA, "there appears to be a recent consensus forming in the Middle District of Florida, holding that businesses **may** recover past lost profits under FDUTPA." *Rebotix,* 2022 WL 3272538 at *17 (emphasis added).

The thorough analysis from the Southern District's decision in *Tymar*, relied upon by *Rebotix* court, provides a sound basis upon which to conclude that lost profits are recoverable under FDUTPA:

> Moreover, this Court finds persuasive the reasoning in *Tymar*, where the court analyzed this issue and held that "the weight of Florida law holds past loft profits recoverable under [the] FDUTPA":
>
> **\*18** The FDUTPA, which prohibits deceptive and unfair trade practices, only permits the recovery of "actual damages[,]" which the Act does not define. Fla. Stat. § 501.211(2) (alteration added). When the Florida legislature enacted the FDUTPA, it notably permitted only a "consumer" to state a claim for damages. ... In 2001, the Florida Legislature amended the FDUTPA to replace the word "consumer" with "person," causing Florida's appellate courts to hold that corporate-competitor plaintiffs, rather than just consumers, can seek damages under the FDUTPA.
>
> Of course, in a claim brought by a corporate competitor, there is no bargain giving rise to the expectancy measure of damages employed in traditional consumer cases. Corporate competitors instead suffer lost profits, lost revenue, reputational harm, and other damages commonly

11

observed in business torts claims rather than contract-based causes of action.

Court decisions evaluating the damages available to a competitor company under the FDUTPA vary widely. Federal district courts are split: many have held past lost profits are available, and many others have refused to permit plaintiffs to seek lost profits at all, applying the benefit-of-the-bargain measure of damages. Yet, many of these cases did not engage in a significant analysis of the issue.

The Florida Supreme Court previously defined "actual damages" when construing a libel statute. *See Ross v. Gore*, 48 So. 2d 412, 414 (Fla. 1950). In *Ross*, the statute permitted recovery of "only actual damages[,]" *Id.* at 413 (alteration added), and the Florida Supreme Court stated "[s]ince [the term 'actual damages'] is used synonymously with 'compensatory damages' in many of our decided cases, we think it is fair to assume that 'actual damages' mean 'compensatory damages.' " *Id.* at 414 (alterations added). The Florida Supreme Court continues to use the terms actual damages and compensatory damages interchangeably....
The Florida Supreme Court broadly defines compensatory damages as those which "arise from actual and indirect pecuniary loss, mental suffering, value of time, actual expenses, and bodily pain and suffering." And in claims with no underlying transaction, such as business torts, lost profits are often directly caused by a defendant's wrongful act and recoverable simply as compensatory damages. By contrast, courts generally limit their categorization of damages as "consequential" to claims sounding in contract, and the definition of consequential damages as those arising "from losses incurred by the non-breaching party in its dealings, often with third parties, which were a proximate result of the breach, and which were reasonably foreseeable by the breaching party at the time of contracting." Put another way, consequential damages are those that do not "flow[ ] directly from the parties' immediate transaction." Where, as here, the claim does not involve any breach of contract, warranty, or similar wrong sounding in contract, any line drawing between expectancy and consequential damages is rather inapt. **The above principles suggest a much larger universe of damages available in FDUTPA claims arising outside the consumer transaction context, when considered alongside the liberal construction courts must afford the FDUTPA to accomplish its remedial purpose,** *see* **Fla. Stat. § 501.202. It makes considerable sense to permit a corporate-competitor plaintiff to seek lost profits damages when there is no transaction giving rise to the oft-used expectancy measure of damages.**

12

> **\*19** The Court joins other federal district courts in holding a corporate-competitor plaintiff may seek lost profits damages under the FDUTPA. *Tymar*, 2021 WL 4077966, at \*4-7 (most citations omitted) (emphasis added).
>
> This Court agrees with the *Tymar* court's reasoning and with the determination reached by other courts in the Middle District of Florida. Where a party brings an FDUTPA claim against a corporate competitor, as here, the aggrieved party may seek past lost profits damages under FDUTPA.

*Rebotix*, 2022 WL 3272538 at \*17-19 (emphasis in original).

The Court should join with the "consensus forming in the Middle District", reject Defendants' argument that lost profits are not recoverable under FDUTPA, and deny the Motion to Dismiss PacLock's FDUTPA claim.

## CONCLUSION

For all the reasons stated above, Defendants' Motion to Dismiss for Failure to State a Claim lacks merit and should be denied and Defendants ordered to answer the Complaint within ten (10) days from the date of the Court's order.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 14, 2025, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Mark J. Young (myoung@myoungpa.com), MARK YOUNG, P.A., 1638 Camden Ave., Jacksonville, Florida 32207.

/s/ *Richard E. Fee*
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com
valeshire@feejeffries.com

*Lead Trial Counsel for Plaintiff,*
*Pacific Lock Company, a/k/k PacLock*