# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| Pacific Lock Company, a/k/a PacLock, **Plaintiff,** v. Proven Industries, Inc., and Ronald Lee, II, **Defendants.** | CASE NO.: 8:25-cv-01887 |

## DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS FDUTPA COUNT

Defendants Proven Industries, Inc. and Ronald Lee, II ("Defendants"), pursuant to Local Rule 3.01(d), respectfully move for leave to file a short reply (no more than six (6) pages) in support of their Motion to Dismiss Plaintiff's FDUTPA claim, and state:

1. **Need for a reply.** Plaintiff's opposition advances arguments and authorities concerning FDUTPA's "actual damages" requirement and the required showing of consumer harm, citing *Wilco Trading LLC v. Shabat*, 2021 WL 1146634 (M.D. Fla. Mar. 8, 2021), adopted, 2021 WL 1140097 (M.D. Fla. Mar. 25, 2021), and *Tymar Distribution LLC v. Mitchell Group USA, LLC*, 558 F. Supp. 3d 1275 (S.D. Fla. 2021). Defendants submit these authorities are misread or overstated at the pleading stage.

1

2. **Scope of the reply.** The proposed reply is narrowly tailored to clarifying controlling law raised in Plaintiff's opposition. Specifically, it:

a. explains that *Wilco* **dismissed the FDUTPA count** for failure to plead "actual damages," and that the later **lost-profits award arose on tort claims (tortious interference/defamation), not FDUTPA**;

b. notes that *Tymar* **dismissed the FDUTPA claim** for failure to allege consumer harm and applied the **single-action rule** to bar a tortious-interference claim premised on defamatory statements; and

c. addresses Plaintiff's suggestion that **lost profits** or **intrabrand price allegations** suffice to plead FDUTPA "actual damages" or consumer harm, contrary to controlling Florida authority.

3. **No new grounds; no new facts.** The reply **does not assert new grounds for relief** and **does not add facts**. It responds to arguments and authorities first raised in Plaintiff's opposition and will aid the Court's resolution of the existing motion.

4. **Efficiency and assistance to the Court.** Good cause exists because a brief reply will promote efficient adjudication by focusing the Court on the limited—yet dispositive—points of law implicated by Plaintiff's cited cases.

**Dated:** October 20, 2025

Respectfully submitted,

/s/ Mark J. Young
Mark J. Young (Fla. Bar No. 0078158)
MARK YOUNG, P.A.
1638 Camden Avenue

Jacksonville, FL 32207
Tel.: (904) 996-8099
myoung@myoungpa.com
Counsel for Defendants Proven Industries, Inc. and Ronald Lee, II

### Local Rule 3.01(g) Certification

I certify that, consistent with Local Rule 3.01(g), on October 17, 2025, I conferred with Plaintiff's counsel by email regarding the relief requested herein. Plaintiff's counsel responded on October 20, 2025, and opposes this motion. The conferral occurred by email.

/s/ Mark J. Young
Attorney for Defendants

### Certificate of Service

I certify that on October 20, 2025, I filed the foregoing using the CM/ECF system, which will serve all counsel of record.

/s/ Mark J. Young
Attorney for Defendants