# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| Pacific Lock Company, a/k/a PacLock, **Plaintiff,** v. Proven Industries, Inc., and Ronald Lee, II, **Defendants.** | CASE NO.: 8:25-cv-01887 |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants submit this Reply in support of their Motions to Dismiss and Strike [Doc. 17]. This Reply targets Plaintiff's fallacious argument that lost profits are recoverable as "actual damages" under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") [Doc. 19, PageID 211-214]. Plaintiff's Opposition fails for a fundamental reason: it asks this Court to ignore its duty under *Erie* and disregard binding Florida appellate precedent in favor of a curated list of non-binding, distinguishable federal district court cases. The law in Florida is clear. Because PacLock's claim for lost profits is a claim for consequential damages—a remedy the statute does not provide—its FDUTPA count is legally impossible, and amendment would be futile.

1

While this Reply focuses on the dispositive FDUTPA damages issue, Defendants stand on all arguments raised in their Motion to Dismiss. Indeed, Plaintiff's Opposition only reinforces their merit. Plaintiff effectively argues that its mere conclusory allegation of injury should suffice, a position directly contrary to the pleading mandates of *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). Stripped of its invective, the Complaint alleges no facts showing that Proven's advertising proximately caused PacLock any actual injury—a fatal pleading defect under *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). Dismissal is warranted on these grounds as well.

## ARGUMENT

### I. Florida Law Is Clear: Lost Profits Are Not "Actual Damages" Under FDUTPA.

PacLock's claim is barred by a straightforward application of Florida law. Florida's District Courts of Appeal—whose decisions this Court must follow in the absence of contrary Florida Supreme Court authority, *Bravo v. United States*, 577 F.3d 1324 at 1326 (11th Cir. 2009)—have definitively held that "actual damages" under FDUTPA are limited to the benefit-of-the-bargain measure: the difference in market value between what was promised and what was delivered. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). Consequential losses, such as the lost profits and goodwill PacLock seeks, are expressly excluded. *Kia Motors Am. Corp. v. Butler*, 985 So. 2d 1133, 1140 (Fla. 3d DCA 2008). As a

2

competitor, not a consumer, PacLock cannot plead the only measure of damages Florida law permits. Its claim is therefore fatally defective.

**II. PacLock's Reliance on a "Consensus" of Non-Binding Federal Cases Is Misplaced.**

Unable to overcome binding state precedent, PacLock asks this Court to follow a purported "consensus" of federal district court cases. But this consensus is an illusion, built on a foundation of distinguishable cases, irrelevant procedural postures, and circular reasoning. A careful review reveals that PacLock's authorities do not withstand scrutiny.

PacLock's Opposition begins by citing cases that actively undermine its position. In *Wilco Trading LLC v. Shabat*, the court dismissed the FDUTPA claim precisely because "lost sales and profits" are unrecoverable consequential damages. 2021 U.S. Dist. LEXIS 60399 at *19–20; 2021 WL 1146634(M.D. Fla. Mar. 8, 2021). The subsequent award of lost profits in that case was based on separate tort claims following a default, not on the deficient FDUTPA count. Likewise, in *Tymar Distribution LLC v. Mitchell Group USA, LLC*, the court never held that lost profits were recoverable "actual damages"; it merely discussed them in the context of the jurisdictional amount-in-controversy before ultimately dismissing the FDUTPA claim on other grounds. 558 F. Supp. 3d 1275, 1284–90 (S.D. Fla. 2021). These cases support dismissal of Count II, not denial of the motion.

PacLock next relies on opinions whose procedural posture renders them irrelevant. Both *NuVasive, Inc. v. Absolute Medical, LLC*, 2025 U.S. Dist. LEXIS 9303, 2025 WL 884111 (M.D. Fla. Jan. 17, 2025), and *HealthPlan Servs., Inc. v. Dixit*, 2021 U.S. Dist. LEXIS 204958, 2021 WL 4927434 (M.D. Fla. May 27, 2021), involved damages awarded after default judgments entered as severe sanctions for egregious litigation misconduct. In both cases, the core legal issue—whether lost profits constitute "actual damages"—was never litigated by the parties or decided by the court. An opinion that adopts an uncontested premise following a default sanction, without ever citing or analyzing *Rollins* or *Kia Motors*, has no persuasive weight.

The remainder of PacLock's cited authorities forms a circular chain of non-binding cases that simply ignore controlling Florida law. *Rebotix Repair, LLC v. Intuitive Surgical, Inc.*, while expressly acknowledging the lack of Florida Supreme Court or Eleventh Circuit authority, bases its entire predictive analysis on the inapposite *Tymar* (discussed above), building a house of cards on a faulty foundation. 2022 U.S. Dist. LEXIS 142861 *49-54, 2022 WL 3272538 (M.D. Fla. Aug. 10, 2022). *Coast Pump & Supply Co. v. Franklin Elec. Co., Inc.*, an order on a motion to dismiss, admits its own hesitation by calling the damages issue a "close call" and limiting its finding to the "dismissal stage," all while failing to cite *Rollins* or *Kia Motors*. 2025 U.S. Dist. LEXIS 182996 at *7, 2025 WL 2676430 (M.D. Fla. Sept. 18, 2025). *Diamond Resorts Int'l, Inc. v. Aaronson* contains only a single sentence of dicta based on another federal case, again without engaging

4

the contrary Florida appellate holdings. 371 F. Supp. 3d 1088, 1115 (M.D. Fla. 2019). And *Global Tech LED, LLC v. Hilumz Int'l Corp.* uses the equivocal phrase that lost profits "appear to be" proper damages, again without analyzing binding precedent. 2017 U.S. Dist. LEXIS 20512 at *25, 2017 WL 588669 (M.D. Fla. Feb. 14, 2017).

This cascade of non-binding, distinguishable, and procedurally irrelevant federal opinions cannot overcome the clear rule established by Florida's appellate courts.

### III. PacLock's Scandalous and Immaterial Allegations Underscore the Deficiencies in Its Pleading.

PacLock's Opposition doubles down on the inclusion of allegations about Mr. Lee's criminal history, prior litigation, and personal character—none of which has any bearing on the elements of its false advertising or FDUTPA claims. The Lanham Act's "exceptional case" standard does not transform unrelated grievances into relevant facts. As the Eleventh Circuit has held, an exceptional case is one that "stands out from others with respect to the substantive strength of a party's litigating position … or the unreasonable manner in which the case was litigated," not a party's personal history. *Tobinick v. Novella*, 884 F.3d 1110, 1117 (11th Cir. 2018) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014)).

Federal Rule of Evidence 404(b) bars precisely this kind of propensity-based character evidence. Such allegations have no probative value on whether

5

Defendants' advertising was false, but their prejudicial effect is obvious. This is why courts may strike allegations that are "clearly unrelated to the controversy and prejudicial." *Augustus v. Board of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).

Accordingly, if the Court does not dismiss the Complaint outright, it should at a minimum strike the immaterial and scandalous allegations in paragraphs 26 and 28–35, which serve no legitimate purpose other than to prejudice Defendants.

## CONCLUSION

PacLock's FDUTPA claim fails as a matter of law, and its Lanham Act claim is unsupported by any well-pleaded facts of actual injury. The Court should dismiss the Complaint with prejudice. In the alternative, the Court should dismiss PacLock's FDUTPA claim and strike PacLock's immaterial and scandalous allegations pursuant to Rule 12(f) to ensure the case proceeds, if at all, on the merits rather than on inflammatory and irrelevant character attacks.

**Dated:** October 22, 2025

Respectfully submitted,

/s/ Mark J. Young
Mark J. Young (Fla. Bar No. 0078158)
MARK YOUNG, P.A.
1638 Camden Avenue
Jacksonville, FL 32207
Tel.: (904) 996-8099
myoung@myoungpa.com
Counsel for Defendants Proven Industries, Inc. and Ronald Lee, II

## Certificate of Service

I certify that on October 22, 2025, I filed the foregoing using the CM/ECF system, which will serve all counsel of record.

/s/ Mark J. Young
Attorney for Defendants